STONE, J.
We reverse a final order granting the former husband’s motion to terminate attorney’s fee payments to the former wife’s attorney.
By a previously entered judgment of dissolution of marriage, the former husband was ordered to pay the former wife’s attorney’s fees. At the original hearing where the attorney’s fee amount was established, the former wife stated that she paid her attorney a total of $20,000; $5,000 in a cash retainer and $15,000 from the proceeds of the sale of the marital home. The fees were fixed at $33,225 and, after a set-off, the court ordered:
The Husband is hereby granted a set-off in the amount of $3,600.00 for the judgment which was entered against the Wife by the Husband, and said set-off shall be against the $ 38,225.00 herein awarded making the net amount owed by the Husband in and for attorneys’ fees for the Wife $29,625.00. ($20,000 of which is reimbursable to wife)
The underlined portion of the above excerpt from the judgment was entered by handwritten interlineation. The order required the former husband to pay the $29,625 attorney’s fees to the former wife’s attorney at a rate of $150 per month[1], but was silent on how the former wife was to be reimbursed the $20,000 for her previous payment to her attorney.
Subsequently, the former husband was found in contempt for non-payment and ordered to pay the attorney, Albert Wilen-sky, the sum of $42,657.00 “which includes interest as of August 1, 1997.” Later, the former wife filed a motion to enforce the attorney’s fee judgment.
The former husband then moved to terminate his monthly payment obligation on the attorney’s fee judgment, alleging that the judgment had been fully satisfied. He produced a closing statement from the sale of the parties’ residence which showed a *1283 payment from proceeds to attorney Wilen-sky in the amount of $15,000.00, copies of cancelled checks evidencing his payments to Wilensky, and a copy of the $5,000 retainer check written to Wilensky. No other evidence was taken at the hearing.
In granting the former husband’s motion, the trial judge credited him with the former wife’s payment, despite the previous testimony which indicated that the former wife paid the attorney out of proceeds from the marital home, property awarded solely to her. Taking into consideration the former husband’s payments, the judge found that any remaining balance was minimal and, therefore, granted the former husband’s motion to terminate payments. It appears, however, that the former wife may not have been reimbursed by the former husband for her $20,000 payment to the attorney.
We view the attorney’s fee judgment as providing for payment to the attorney of all sums including that portion that has been determined to be ultimately reimbursable to the former wife and effectively protecting the attorney’s full fee. By in-terlineation in the original judgment, the trial court recognized that the former wife would be entitled to be reimbursed the $20,000. Patently, in the context of the judgment scheme, it was contemplated that the $20,000 reimbursement, a matter between the former wife and her attorney[2], would occur upon the former husband’s payment of the $29,625.00, plus interest, to the attorney. We can discern no basis for crediting the former husband with the former wife’s $20,000 pre-payment, and there is no reason for interest not to accrue on the full $29,625.00 owed by the former husband (as recognized in an earlier court order). Accordingly, we hold that the trial court erred in crediting the former husband with the $20,000 in payments made by the former wife and in terminating the husband’s payment obligations under the attorney’s fee judgment.
We, therefore, reverse the order granting the former husband’s motion to terminate payments and remand for further proceedings consistent with this opinion.
As to all other issues raised on appeal, we find no error or abuse of discretion.
WARNER, C.J. and STEVENSON, J„ concur.

. The monthly payment was later changed to . $700 after appeal to this court and remand. See Bleakley v. Bleakley, 680 So.2d 1048 (Fla. 4th DCA 1996).

. We note that the former wife does not seek any other method of payment.